# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 10-CV-0077 (JFB) (WDW)

JOHANNA MARIA ANNA VAN BOURGONDIEN-LANGEVELD, ET. AL.,

Plaintiffs,

VERSUS

JOHN FREDERICK VAN BOURGONDIEN, ET. AL.,

Defendants.

**MEMORANDUM AND ORDER**
December 29, 2010

JOSEPH F. BIANCO, District Judge:

Plaintiffs Johanna Maria Anna Van Bourgondien-Langeveld ("Johanna"), Petrus Karolus Van Bourgondien ("Petrus"), Mark Philip Van Bourgondien ("Mark"), and Marie-José Van Bourgondien ("Marie-José") (collectively "plaintiffs") bring this action against defendants John Frederick Van Bourgondien ("John") and Joseph Peter Van Bourgondien ("Joseph") (collectively "defendants"). Plaintiffs allege that defendants violated the terms of a promissory note signed by them by failing to repay their loan debt. Defendants have moved to dismiss this case under Federal Rule of Civil Procedure 12(b)(6) on grounds of *forum non conveniens*. For the reasons stated below, defendants' motion is granted.

However, in an abundance of caution, the Court conditions the dismissal on the courts of the Netherlands accepting jurisdiction over the case. Following oral argument, defendants consented to a conditional dismissal. In particular, defendants have (1) consented to the personal jurisdiction of the courts of the Netherlands in connection with the adjudication of the claims in this litigation, and (2) agreed that, "if the courts of the Netherlands were to refuse to take jurisdiction over the claims alleged by Plaintiffs herein, and such refusal were to become final and not subject to appeal, then the statute of limitations shall be tolled with respect to the claims that were timely asserted in the above captioned action, provided that the claims asserted in this action are reinstated in this Court within 90 (ninety) days after the date the refusal of the Netherlands courts to hear the case were to become final and not subject to further appeal." (*See* Defs.' Consent to Conditional Dismissal, filed November 16, 2010.) Thus, if the courts of the Netherlands refuse to accept jurisdiction over the case, plaintiffs can reinstate this lawsuit.

I. BACKGROUND

A. The Facts

For purposes of this motion to dismiss, the Court has taken the facts described below from the plaintiffs' Complaint and from the deed of transfer (the "Deed"), which is integral to, and incorporated by reference in, the Complaint. (Compl. ¶ 6.) These facts are not findings of fact by the Court, but rather are assumed to be true for the purpose of deciding this motion and are construed in a light most favorable to plaintiffs. *See LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009).

On February 27, 1998, defendants entered into an agreement with Philips Van Bourgondien ("Philips") to purchase 400 shares in the Dutch limited liability company K. Van Bourgondien & Zonen B.V. (the "B.V.") (Compl. ¶ 6.) Title and legal rights to the shares were transferred to defendants in the Deed, signed by defendants and Philips, for a purchase price of NLG 1,250,000. (*Id.*) Each defendant received 200 shares in the company. (*Id.*) Defendants paid Philips a portion of the purchase price upon signing the Deed and executed a loan document (the "Note") for the remaining NLG 925,000 that were owed. (*Id.* ¶¶ 6-7.) The defendants signed the Note and each agreed to pay Philips NLG 462,500 by "not later than 10 (ten) years" after the signing of the Note. (*Id.* ¶ 7.) The Note and Deed were both signed on the same day—February 27, 1998. (*Id.* ¶¶ 6-7.)

The Deed included a forum selection clause, which states in Clause 11 as follows:

> Any and all disputes in the matter of this purchase/sale agreement and this transfer shall be settled and decided by the competent judge in the Arrondissement ( = Country Court) of The Hague (the Netherlands). . . .

(Decl. of Marielle Hartman dated June 11, 2010 ("Hartman Decl.") Annex 2 at 18.) The Deed did not include choice of law provisions, nor did it explicitly make reference to the Note. (*Id.* at 14-19.) The Note did not include a forum selection clause, nor did it include a choice of law clause. (Compl. Ex. A.).

Philips passed away before defendants finished paying off their debt on the Note. (Compl. ¶¶ 9-10.) Plaintiffs are his legal heirs. (*Id.* ¶ 9.) Plaintiffs allege that defendants failed to fully pay off their loan. Defendants argue that they repaid the loan by transferring funds into Phillips's shareholder account at the B.V., by allowing Philips preferential withdrawal rights from the shareholder account to cover his personal expenses, and by continuing the aforementioned practices after Philips's death when Johanna gained legal rights to Philips's account. (Decl. of John Van Bourgondien ("Van Bourgondien Decl.") ¶¶ 8-11.)

Defendants are residents of the United States. Currently, John resides in Babylon, New York, while Joseph resides in Chesapeake, Virginia. (Compl. ¶¶ 2-3.) When defendants executed the Deed, both listed addresses in Babylon, New York, though declaring their domicile in Hillegom, the Netherlands. (Hartman Decl. Annex 2 at 17-18, Clauses 2 & 12.) In the Note, defendants' place of residence is designated as Babylon, New York. (Compl. Ex. A.) Johanna is a citizen and resident of the Netherlands; Marie-José is a citizen of the

2

Netherlands, but a resident of the United Kingdom; Mark is a citizen of the Netherlands residing in Florida; Petrus is a United States citizen residing in California. (Compl. ¶ 1.)

B. Procedural History

Plaintiffs filed the complaint in this action on January 8, 2010. Defendants moved to dismiss the case on June 14, 2010. Plaintiffs' opposition brief was filed on August 10, 2010. Defendants filed their reply on September 14, 2010. The Court heard oral argument on November 9, 2010, and has fully considered the parties' arguments and submissions.

II. STANDARD

Defendants moved to dismiss this action for *forum non conveniens* pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] The Second Circuit has concluded that a motion to dismiss on *forum non conveniens* grounds is appropriately made under Rule 12(b)(6). *See Evolution Online Sys., Inc. v. Koninklijke PTT Nederland N.V.*, 145 F.3d 505, 509-10 (2d Cir. 1998). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005).

The Court notes that in adjudicating this motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co., Inc.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and vacated in part on other grounds sub nom.*, *Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25 (2d Cir. 2005), *vacated on other grounds*, 547 U.S. 71 (2006); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim."); *Brodeur v. City of N.Y.*, No. 04 Civ. 1859(JG), 2005 U.S. Dist. LEXIS 10865, at *9-10 (E.D.N.Y. May 13,

---

[1] Among other arguments, defendants rely on a forum selection clause in the Deed to assert that dismissal on *forum non conveniens* grounds is appropriate. Defendants do not move to dismiss separately and specifically under that forum selection clause. Although the validity of the forum selection clause in the Deed is not disputed by the parties, defendants apply New York law to suggest that the clause in the Deed applies to the Note. (*See* Defs.' Mem. at 3.) Plaintiffs argue that Dutch law should be used to interpret the forum selection clause, and that Dutch law would not permit the incorporation of the forum selection clause into the Note. (*See* Pls.' Mem. at 11; Decl. of Jeroen Van Der Hout ("Van Der Hout Decl.") ¶¶8-9.) This Court need not reach this issue regarding the forum selection clause in the Deed because, as discussed in detail *infra*, the Court concludes that dismissal on *forum non conveniens* ground is warranted even without reliance on the forum selection clause in the Deed.

3

2005) (stating court could consider documents within the public domain on a Rule 12(b)(6) motion to dismiss).

### III. DISCUSSION

The doctrine of *forum non conveniens* "affords a trial court discretion in a case over which it has jurisdiction to decline to exercise it, whenever it appears that such case may be more appropriately tried in another forum, either for the convenience of the parties or to serve the ends of justice." *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 67 (2d Cir. 2003). The Court must perform a three-pronged analysis to determine if this action should be dismissed under the doctrine of *forum non conveniens*. First, the Court must assess the level of deference owed to plaintiffs' choice of forum. *See id.* at 70; *accord Iragorri v. United Technologies Corp.*, 274 F.3d 65, 70-73 (2d Cir. 2001). Second, the Court must determine if there is an "adequate alternative forum" where the dispute may be tried. *Id.* at 73; *accord Pollux Holding Ltd.*, 329 F.3d at 74-75. If an adequate alternative forum exists, then the Court must balance competing private interests of the litigants and public interest factors. *See Iragorri*, 274 F.3d at 73-75; *accord Pollux Holding Ltd.*, 329 F.3d at 74-75.

### A. Plaintiffs' Choice of Forum

The degree of deference owed to a plaintiff's choice of forum varies, moving on a "sliding scale." *Iragorri*, 274 F.3d at 71. When a plaintiff is a resident or citizen of the United States and chooses his home forum to litigate the suit, that choice is "entitled to great deference" because the likelihood that the forum was chosen for forum shopping reasons is low. *Id.* On the other hand, "the choice of a United States forum by a foreign plaintiff is entitled to less deference," *id.* at 71, given the "realistic doubt about the ultimate convenience of a foreign plaintiff's choice to litigate in the United States." *Pollux Holding Ltd.*, 329 F.3d at 73. The degree of deference owed to a plaintiff who is a resident or citizen of the United States, but who did not choose his home forum to litigate the dispute, requires an analysis of the apparent reasons for the choice of forum. *Iragorri*, 274 F.3d at 72-73. The more it appears that the choice of forum was motivated by "forum shopping reasons - such as attempts to win a tactical advantage resulting from local laws that favor the plaintiff's case, the habitual generosity of juries in the . . . forum district, the plaintiff's popularity or the defendant's unpopularity in the region, or the inconvenience and expense to the defendant resulting from litigation in that forum - the less deference the plaintiff's choice commands. . . ." *Id.* at 72.

Aside from considering the plaintiffs' residence and citizenship, the Court must also consider the choice of forum in light of its connection to the dispute and also to the defendants' place of residence. The "weight to be given plaintiff's choice of forum is . . . diminished where the operative facts underlying the action have no material connection with the chosen forum." *Chubb Ins. Co. of Eur. S.A. v. M/V Humboldt Express*, No. 09 CV 1294, 2003 U.S. Dist. LEXIS 19085, at *5 (S.D.N.Y. Oct. 22, 2003); *see also Iragorri*, 274 F.3d at 71-74 (discussing availability of witnesses and evidence relevant to the litigation). On the other hand, a plaintiff's choice of forum receives more deference if the defendant resides there, in particular where the defendant may not be amenable to suit in the plaintiff's home forum. *See Id.* at 73;

4

*Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 46 (2d Cir. 1996); *Schertenleib v. Traum*, 589 F.2d 1156, 1164-65 (2d Cir. 1978).

Based on these factors, the Court concludes that little deference is owed to plaintiffs' choice of forum. In this case, Johanna is a citizen and resident of the Netherlands, Marie-José is a citizen of the Netherlands but a resident of the United Kingdom, Mark is a citizen of the Netherlands residing in Florida, and Petrus is a United States citizen residing in California. (Compl. ¶ 1.) Thus, only two of the four plaintiffs reside in the United States and this particular forum is not home to any of the plaintiffs.[2] Further, only one of the two defendants is a resident of New York; the other is a resident of Virginia. (*Id*. ¶¶ 2-3.) To the extent plaintiffs argue that they had to bring this suit in New York because defendants are not amenable to suit in a Dutch court as a result of their residence in the United States both currently and at the time the Note was signed, the Court concludes that under Dutch law, as presented by the parties' experts, a Dutch court would exercise jurisdiction over the defendants. *See infra* Section III.B. The operative events in this action—namely, the signing of and performance under the Note—took place in the Netherlands. (*See Id*. ¶¶ 6-8.) The parties agree that one key witness is located in the Netherlands though there is a dispute as to whether other key witnesses are residing there. (Powell Reply Decl. ¶¶ 6-7, Ex. C; Pls.' Mem. at 13, ¶ 38.) Taken together, the residence of the parties and the fact that the operative facts in the dispute have no connection to New York indicate that the Court owes plaintiffs' choice of forum little deference.

B. Adequate Alternate Forum

"An alternative forum is generally adequate if: (1) the defendants are subject to service of process there; and (2) the forum permits litigation of the subject matter of the dispute." *Bank of Credit and Commerce Int'l (Overseas) Ltd. v. State Bank of Pak.*, 273 F.3d 241, 246 (2d Cir. 2001) (quotation marks omitted).

Defendants have consented to jurisdiction in the Netherlands. (*See* Van Bourgondien Decl. ¶ 1; Defs.' Consent to Conditional Dismissal, filed November 16, 2010.) That is sufficient to demonstrate that defendants are subject to service of process there. *See Pollux Holding Ltd.*, 329 F.3d at 75; *Schertenelib*, 589 F.2d at 1163-65 ("even if there was no alternative forum in which plaintiff could have originally commenced his action without the consent of defendant[,]" an alternative forum exists after such consent is given); *Beekmans v. J.P. Morgan & Co.*, 945 F. Supp. 90, 93 (S.D.N.Y. 1996).

The parties' experts disagree whether Dutch courts would exercise jurisdiction over the dispute. Both experts agree, however, that a Dutch court has jurisdiction where the

---

[2] Defendants assert there is some doubt as to whether the two U.S. resident plaintiffs are actually holders of the Note, thereby diminishing even further the deference owed to plaintiffs' choice of a United States forum. (*See* Reply Decl. of Jeffrey D. Powell ("Powell Reply Decl.") ¶¶ 2, 4; Defs.' Reply at 5, ¶ 4.) Further, defendants assert that any dispute over the plaintiffs' standing would have to be decided under Dutch law. However, at oral argument, plaintiffs submitted further documentation to establish their standing. (*See* Docket No. 29.) In any event, the Court accepts as true allegations in the Complaint that plaintiffs are indeed holders of the Note, (Compl.¶ 9), and concludes that all four plaintiffs have standing.

5

dispute in question arises from performance of a contract in the Netherlands. (*See* Van Der Hout Decl. ¶ 11; Supplemental Decl. of Marielle Hartman dated September 9, 2010 ("Supplemental Hartman Decl.") at 2; *see also* Hartman Decl. at 2.) Plaintiffs' expert quoted the relevant provision of Dutch law:

> Dutch courts have also jurisdiction in matters concerning:
> (a) obligations from agreements, if the obligation that is the basis for a claim or a request, *is performed*, *or had to be performed* in the Netherlands.

(Van Der Hout Decl. ¶ 11 (emphasis added).) Defendants' expert noted that performance under the Note was made in the Netherlands, and thus a Dutch court would be able to exercise jurisdiction over this dispute. (Supplemental Hartman Decl. at 2.) Plaintiffs' expert does not directly address the fact that performance was made in the Netherlands, simply noting that a Dutch court "could decide" that the Note "had to be performed in the Netherlands." (Van Der Hout Decl. ¶ 12.) Based on the evidence presented by the parties, the Court concludes that Dutch law clearly permits litigation of this dispute in the Netherlands and, therefore, that the Netherlands is an adequate alternative forum.

However, in an abundance of caution, the Court concludes that it is appropriate to dismiss this action conditioned upon the Dutch courts' willingness to exercise jurisdiction over this dispute. *See Bank of Credit & Commerce Int'l (Overseas) Ltd.*, 273 F.3d at 247-48 (conditional dismissal is appropriate where the district court has a "justifiable belief" that an adequate alternative forum exists); *Schertenleib*, 589 F. 2d at 1160, 1163 (where expert testimony suggests that the proposed alternate forum would exercise jurisdiction over the dispute, conditional dismissal was appropriate where defendant consented to jurisdiction). More specifically, in a stipulation submitted to this Court on November 16, 2010, defendants have consented to conditional dismissal of this action, agreeing to toll the statute of limitations in the event that plaintiffs have to resubmit their claims before this Court and consenting to jurisdiction of the courts of the Netherlands. Pursuant to the stipulation, defendants (1) consent to the personal jurisdiction of the courts of the Netherlands in connection with the adjudication of the claims in this litigation, and (2) agree that, "if the courts of the Netherlands were to refuse to take jurisdiction over the claims alleged by Plaintiffs herein, and such refusal were to become final and not subject to appeal, then the statute of limitations shall be tolled with respect to the claims that were timely asserted in the above captioned action, provided that the claims asserted in this action are reinstated in this Court within 90 (ninety) days after the date the refusal of the Netherlands courts to hear the case were to become final and not subject to further appeal." (Defs.' Consent to Conditional Dismissal, filed November 16, 2010.) Thus, plaintiffs can bring this action again before this Court should the Dutch courts fail to exercise jurisdiction over this dispute.

### C. Private Interest Factors

Having concluded that an adequate alternate forum exists, the Court must balance private and public interest factors to determine if dismissal is appropriate. Private interest factors include:

> the relative ease of access to sources of proof; availability of compulsory

process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Iragorri*, 274 F.3d at 73-74 (quotation marks omitted); *see also Carey v. Bayerische Hypo- Und Vereinsbank AG*, 370 F.3d 234, 237 (2d Cir. 2004). In analyzing these factors the Court is essentially "engaged in a comparison between the hardships defendant would suffer through the retention of jurisdiction and the hardships the plaintiff would suffer as the result of dismissal and the obligation to bring suit in another country." *Iragorri*, 274 F.3d. at 74.

Defendants point out that accounting records critical to the dispute are located in the Netherlands. This "weighs significantly in favor" of dismissal of the case. *Evolution Online Sys., Inc. v. Koninklijke Nederland N.V.*, 41 F. Supp. 2d 447, 452 (S.D.N.Y. 1999) (dismissing the case in favor of litigation in the Netherlands where documentary sources of proof were located there). However, "technological advances have minimized the burden of transporting documentary evidence," *Pollux Holding Ltd.*, 329 F.3d at 75, and so this factor does not weigh heavily in favor of defendants.

There is disagreement about which witnesses are key to the dispute and whose testimony would therefore be necessary. The parties do agree, however, that there is one material witness in the case–Wim Driebergen, an accountant for John, Johanna, and the B.V. –whose testimony would be critical. (*See* Powell Reply Decl. ¶ 6; Pls.' Mem. at 13, ¶ 38.) This witness is unwilling to travel to the United States to testify before this Court and so his testimony would have to be compelled in the Netherlands. (*See* Powell Reply Decl. Ex. C (affidavit of Wim Driebergen).) This factor weighs in favor of dismissing the case so that it may be tried in the Netherlands.

Neither party has addressed the cost of bringing witnesses to the United States and do not point out other practical problems in litigating the dispute before this Court. As a result, the private interest factors addressed above favor dismissal of this litigation.

D. Public Interest Factors

The Court must also consider public interest factors in its analysis, which include:

> Administrative difficulties . . . for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Iragorri*, 274 F.3d at 74 (citing *Gulf Oil Corp.*

7

*v. Gilbert*, 330 U.S. 501, 508-09 (1947)); *see also Pollux Holding Ltd.*, 329 F.3d at 75-76; *Carey*, 370 F.3d at 237. The most relevant public factors in this case are litigating the dispute in a forum with a strong local interest in the litigation and in a forum that is home to the applicable substantive law.

The Netherlands has a "stronger local interest" in the dispute because the Note was signed there and performance under it also occurred in the Netherlands. *See, e.g., Pollux Holding Ltd.*, 329 F.3d at 76 (London has a stronger local interest than New York because the derivative instruments in question were purchased there and the alleged fraud arose out of "contracts entered into in London"); *Evolution Online Sys., Inc.*, 41 F. Supp. 2d at 452 ("[T]he interest of the Netherlands in this case is greater than that of the United States, as the whole purpose of this transaction was to provide services in the Netherlands, all events of substance occurred there . . . .").

The parties dispute whether Dutch or New York law applies to the substantive claim in this dispute—namely, whether defendants fulfilled their obligations under the Note. The Note does not have governing choice of law provisions. As a result, the Court must apply New York choice of law rules to determine the applicable substantive law.[3] *See Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 393 (2d Cir. 2001) (A "federal trial court sitting in diversity jurisdiction must apply the law of the forum state to determine the choice-of-law.") (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 497 (1941)). Under New York choice of law analysis for contract disputes, the Court must evaluate the "center of gravity" or the "grouping of contacts" to determine which jurisdiction has "the most significant relationship to the transaction and the parties." *Fieger*, 251 F.3d at 394 (discussing choice of law analysis for contract claims). Factors to be considered in determining "the most significant relationship" include "the places of negotiation and performance; the location of the subject matter; and the domicile or place of business of the contracting parties." *Id*. at 394 (citing *Zurich Ins. Co. v. Shearson Lehman Hutton, Inc.*, 642 N.E.2d 1065 (1994)). Based on these factors, Dutch law would govern this dispute. The Note was negotiated and signed in the Netherlands and performance under the Note took place in the Netherlands. Further, two of the plaintiffs are Dutch residents and none are residents of New York. Only one defendant is a resident of New York while the other is a resident of Virginia. The Netherlands is, therefore, the center of gravity of this litigation. While "the need to apply foreign law is not in itself a reason to apply the doctrine of *forum non conveniens*," *see Seales v. Panamanian Aviation Co. Ltd.*, No. CV-07-2901(CPS)(CLP), 2008 U.S. Dist. LEXIS 14429, at *22 (E.D.N.Y. Feb. 26, 2008) (citing *Manu Int'l, S.A.. v. Avon Prods., Inc.*, 641 F.2d 62, 67-68 (2d Cir. 1981)), having a Dutch court apply Dutch law to this dispute mitigates in favor of dismissal. In short, the Court concludes that public interest factors weigh in favor of dismissal.

\* \* \*

In sum, having taken into consideration the deference owed to plaintiffs' choice of forum, whether there is an adequate alternative forum for the litigation of this

---

[3] The parties do not address in their motion papers whether applicable New York and Dutch law is substantively different. For purposes of its analysis, the Court assumes that there is actually a conflict of laws.

dispute, and the balance of private and public interest factors, the Court concludes, in its discretion, that dismissal on *forum non conviens* grounds is warranted. Moreover, although the Court concludes that the courts in the Netherlands are clearly an adequate alternative forum because the defendants are subject to service of process there and the forum permits litigation of the subject matter of the dispute, the Court, in an abundance of caution, will grant defendants' motion to dismiss with the condition that plaintiffs may refile their complaint in the event that the courts of the Netherlands refuse to exercise jurisdiction over this dispute.

### IV. CONCLUSION

For the reasons set forth above, defendants' motion to dismiss on *forum non conviens* grounds is granted. However, such motion is granted on the condition that the courts in the Netherlands accept jurisdiction over the claims that are the subject of this lawsuit. Thus, if the courts of the Netherlands were to refuse to take jurisdiction over the claims alleged by Plaintiffs herein, and such refusal were to become final and not subject to appeal, plaintiff may reinstate this lawsuit. Moreover, pursuant to defendants' stipulation, the statute of limitations shall be tolled with respect to the claims that were timely asserted in the above-captioned action, provided that the claims asserted in this action are reinstated in this Court within ninety days after the date the refusal of the Netherlands courts to hear the case were to become final and not subject to further appeal. The Clerk of Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: December 29, 2010
Central Islip, New York

\* \* \*

Counsel for plaintiffs is Martin F. Gusy, Gusy Van der Zandt LLP, 500 Fifth Avenue, Suite 1410, New York, New York 10110. Counsel for defendants is Jeffrey D. Powell, Bracken & Margolin, LLP, One Suffolk Square, Suite 300, 1601 Veterans Memorial Highway, Islandia, New York, 11749.